UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| ROBYN VIRTUE ALLEN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| JONATHAN PORTER AARON LEOPOLD, III, | :   Case No. 1:14-cv-22-jgm |
| | : |
| Defendant & Third Party Plaintiff, | : |
| | : |
| v. | : |
| | : |
| ARMSTRONG NAUTICAL PRODUCTS, | : |
| VALLERY INDUSTRIES, INC., JOHN | : |
| DOE(S) 1-10, and ABC COMPANY 1-10, | : |
| | : |
| Third Party Defendants. | : |
| | : |

MEMORANDUM AND ORDER
(Doc. 47)

I.   Introduction

Third Party Defendant Vallery Industries, Inc. (Vallery) moves for summary judgment on Third Party Plaintiff Jonathan Porter Aaron Leopold, III's (Leopold) Third Party Complaint.  (Doc. 47.)  In this diversity action, Leopold seeks complete indemnification from or contribution to any damages Leopold may owe Robyn Virtue Allen (Allen) as a result of her personal injury action against Leopold.  (Doc. 15.)  Leopold opposes the motion (Doc. 57) and the Court heard oral argument on July 21, 2015 (Dkt. Entry No. 73).  For the following reasons, the motion is granted.

II.   Background[1]

Robyn Allen sued Leopold alleging that on March 17, 2011, she sustained personal injuries while climbing a ladder mounted to Leopold's boat.  (Doc. 1; Doc. 15 ¶ 4.)  Allen was at Leopold's

---

[1] The facts are gleaned from the parties' submissions, specifically their respective statements of fact and responses.  (Docs. 47-2, 57-1, 57-2.)

property, the Andros Beach Club, in the Bahamas, on a trip through Burlington College, a college located in Burlington, Vermont. Leopold asserts that at the time of the injury, he was acting as a tour guide, captain, and snorkeling instructor for the college. Allen alleges Leopold was negligent because the ladder "was in a defective and dangerous condition as there was no protective covering on the steps of the ladder resulting in exposed sharp and dangerous metal edges on the ladder." (Doc. 1 ¶ 18.)

Leopold knew the ladder was missing a tread cap on one of its three steps at the time he began using it in 2003. At some point before Allen was injured, a second tread cap was broken off. Leopold was aware the absence of tread caps exposed the stainless steel step support with 90-degree corners. At the time of the accident, only the bottom step of the ladder had a tread cap. Leopold alleges the ladder was "designed, formulated, produced, created, made, packaged, labeled, constructed, sold and/or placed in the stream of commerce" by Vallery. (Doc. 15 ¶ 6.) Leopold was a Vermont resident at the time Allen brought suit and Vallery is a Florida corporation.

III.   Discussion

Summary judgment is appropriate only where the parties' submissions show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The Court must resolve ambiguities and draw inferences in favor of the non-moving party. Salahuddin v. Goord, 467 F.3d 263, 272 (2d Cir. 2006) (citation omitted). The court's function is not to resolve disputed issues of fact but only to determine whether there is a genuine issue of material fact to be tried. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir. 1996). "If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference

could be drawn in favor of the opposing party, summary judgment is improper." Fischl v. Armitage, 128 F.3d 50, 56 (2d Cir. 1997) (internal quotation marks and citation omitted).

Vallery argues it is entitled to summary judgment because Leopold cannot prove Vallery manufactured the ladder and Vermont law bars implied indemnity and contribution among joint tortfeasors. (Doc. 47-1.) Leopold responds that Vallery cannot demonstrate there is no genuine dispute of fact regarding the manufacture of the ladder and he may seek indemnification under either Vermont or Bahamian law as well as contribution under Bahamian law. (Doc. 57.)

The Court begins with the choice of law question. The parties agree the test to determine which law to apply is to analyze which jurisdiction has the most significant relationship to the occurrence and the parties. See Doc. 47-1 at 5, Doc. 57 at 15 (both citing Amiot v. Ames, 693 A.2d 675 (Vt. 1997) (adopting Restatement (Second) of Conflict of Laws test)).[2] The task of applying the test to the facts of a case is one of law, Miller v. White, 702 A.2d 392, 393-94 (Vt. 1997), though a court may properly make factual determinations necessary to decide which state or country has the most significant relationship to the occurrence and parties, Amiot, 693 A.2d at 680.

In a personal injury action, the state or country with the most significant relationship will usually be that where the injury occurred. Amiot, 693 A.2d at 678. Some other jurisdiction, however, may have a more significant relationship where the place of injury has little relationship to the parties or the place where the causative conduct occurred. Id. Importantly, choice of law questions are determined on an issue-by-issue basis. Miller, 702 A.2d at 394. Within a negligence case, for example, the standard of care is normally determined by the law of the state where the injury occurred, while issues of damages could be determined by the law of the parties' domicile, if it

---

[2] A federal court sitting in diversity must apply the substantive law of the forum state, including its choice of law rules. Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941); Erie R.R. v. Tompkins, 304 U.S. 64 (1938).

is the same and there is a particular relationship between them centered in that state.  Id.  The Supreme Court of Vermont has recognized differing considerations for conduct-regulating laws--the law of the jurisdiction where the tort occurred will generally apply--and post-event remedial laws--the law of the parties' domicile is most likely to apply.  Id. (citing Cooney v. Osgood Mach., 612 N.E.2d 277, 280 (N.Y. 1993)).

The Court must determine whether Vermont or Bahamian law applies to Leopold's claims against Vallery.  Indemnification and contribution are post-event remedial doctrines.  Leopold was a Vermont resident.  (Docs. 47-2 ¶ 57, 57-1 ¶ 57.)  Vallery is a Florida corporation.  (Docs. 15 ¶ 1, 16 ¶ 1.)  The incident at issue in the principal negligence action occurred in the Bahamas and involved a Vermont college student who traveled to the Bahamas under a contract with Burlington College, for whom Leopold asserts he was acting as tour guide, captain, and snorkeling instructor.  See Docs. 47-2 ¶¶ 58-59, 57-1 ¶¶ 58-59.  Because the issues here determine the parties' rights and liabilities with respect to allocating potential loss after the event, and not primary conduct, the Court considers the most important contacts to be the domiciles of the parties and concludes the Bahamas' status as the place of injury is not significant--neither party is a Bahamian domiciliary.  In these circumstances, the Court concludes the parties' United States domiciles weigh in favor of applying Vermont law.  See Miller, 702 A.2d at 396 ("In the international sphere, it is generally considered appropriate to apply the laws of the domiciliary forum to tort claims that involve the residents of a single country, regardless of where the tort took place.").  Accordingly, the law of Vermont will apply to Leopold's claims for indemnification and contribution.

Vallery seeks summary judgment on Leopold's claims for indemnification and contribution, arguing Vermont law bars implied indemnity and contribution among joint tortfeasors.  (Doc. 47-1.)  While Leopold's complaint alleges a claim for contribution "in accordance with the statutes, rules or

other laws of any jurisdiction whose laws may apply," (Doc. 15 ¶ 13), he does not assert that Vermont law allows a claim for contribution.  See Doc. 57 at 12-16.  Indeed, Vermont law precludes contribution among joint tortfeasors.  Levine v. Wyeth, 944 A2d 179, 195 (Vt. 2006) (citing Howard v. Spafford, 321 A.2d 74 (Vt. 1974)).  Accordingly, as a matter of Vermont law, Vallery's motion for summary judgment is granted with respect to Leopold's claim for contribution.

Leopold also makes a claim for common law or contractual indemnification.  The right of indemnity recognized under Vermont law is an exception to the common law rule precluding contribution.  Bardwell Motor Inn, Inc. v. Accavallo, 381 A.2d 1061, 1062 (Vt. 1977).  The exception allows indemnification if:  "(1) there is an express agreement by one party to indemnify the other, or (2) the circumstances are such that the law will imply such an undertaking."  Peters v. Mindell, 620 A.2d 1268, 1270 (Vt. 1992).  Leopold does not allege the existence of an express agreement or undertaking by Vallery to indemnify him.  See generally Doc. 15; compare Doc. 47-2 ¶ 54 with Doc. 57-1 ¶ 54 (referencing a contract with Burlington College and an invoice for the trip).  Accordingly, Vallery's motion for summary judgment is granted with respect to Leopold's claim for contractual indemnification.

Implied indemnity is "a right accruing to a party who, without active fault, has been compelled by some legal obligation, such as a finding of vicarious liability, to pay damages occasioned by the negligence of another."  Morris v. Am. Motors. Corp., 459 A.2d 968, 974 (Vt. 1983).  It shifts the entire loss upon the real wrongdoer.  Peters, 620 A.2d at 1270.  Even crediting Leopold's assertion that Vallery is directly liable for failure to warn of the "dangerous condition posed by missing tread caps," (Doc. 57 at 15), Leopold's claim for indemnity is dependent upon the success of Plaintiff Allen's negligence claim against Leopold himself.  Should Leopold prevail in his defense of her claim, no indemnity would be required.  Leopold can be compelled to

pay damages to Allen only if she is successful in her single-claim suit against him, in which she alleges Leopold was himself negligent for providing the ladder in a defective and dangerous condition.  See Doc. 1 ¶ 18.  Should Leopold be found liable to Allen on her claim, he would be compelled to pay damages for his own negligence and not the alleged products liability of Vallery.  Under Vermont law, Leopold is not entitled to indemnification for his own negligence.  See Heco v. Foster Motors, 114 A.3d 902, 905 (Vt. 2015) ("It is axiomatic that a party seeking implied equitable indemnity may recover only where its potential liability is vicariously derivative of the acts of the indemnitor and is not independently culpable.").

Further, Leopold could be entitled to implied indemnification only if he did not acquiesce in the continuation of the condition after discovery.  Peters, 620 A.2d at 1270-71 (noting adoption of Restatement of Restitution § 95 (1937)).  Leopold was aware the ladder was missing a tread cap on one of its three steps at the time he acquired it in 2003, knew a second tread cap was broken off thereafter, and that the absence of tread caps exposed the stainless steel step support with 90-degree corners.  (Doc. 47-2 ¶¶ 12-13; Doc. 57-1 ¶¶ 12-13.)  Leopold knowingly acquiesced in the altered condition of the ladder, continuing to use it with at least one missing tread cap, for years before Allen was injured in 2011.  Even if Leopold was liable to Allen on the basis of Vallery's manufacture of a defective ladder, under Vermont law, his knowing acquiescence in the continuation of the condition would defeat his claim to indemnity.  See Goulette v. Babcock, 571 A.2d 74, 75 (1990) (affirming dismissal of indemnity action against architect because apartment complex owner acquiesced in design, allowing a pond to remain unfenced for years before accident).

Accordingly, Vallery's motion for summary judgment is granted with respect to Leopold's claim for implied indemnification.  In light of the Court's analysis and holdings, consideration of the parties' arguments regarding the manufacture of the ladder is unnecessary.

IV.     Conclusion

Vallery's motion for summary judgment (Doc. 47) is GRANTED.  Leopold's Third Party Complaint (Doc. 15) against Vallery Industries, Inc. is dismissed.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 29th day of July, 2015.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge